IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMATE SMOKE, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | No. 2:12-CV-13 |
| ) | |
| CITY OF KINGSPORT, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss by Sullivan County, Tennessee" [doc. 28], "Defendant Sullivan County, Tennessee's Amended Motion to Dismiss Plaintiffs' Amended Complaint" [doc. 32] and the "Motion to Dismiss Plaintiffs' Amended Complaint" [doc. 22] filed by defendants City of Kingsport, Tennessee and City of Bristol, Tennessee.[1] Oral argument is unnecessary, and the motions are ripe for the court's determination. For the reasons that follow, the motion to dismiss filed by City of Bristol and City of Kingsport will be granted in part and denied in part. The motion to dismiss filed by Sullivan County will be granted.

---

[1] On September 4, 2013, the court entered an order [doc. 31] clarifying that the only complaint before the court was plaintiffs' amended complaint. Since the defendants' pending motions to dismiss improperly cross-referenced the superceded original complaint, the court ordered that the defendants supplement their briefs. Plaintiffs were given time to respond to the additional briefs and were specifically instructed to address the continued viability of their claims for declaratory and injunctive relief in light of the repeal of all three ordinances. Plaintiffs did not file a response to any of the supplemental briefs.

# I.

*Background*

According to the amended complaint, plaintiffs' businesses are located within the Cities of Bristol and Kingsport, both of which are located in Sullivan County. Plaintiffs allege that they sell "a myriad of products" and all of them sell "herbal incense and potpourri" that is designated as not for human consumption. Plaintiffs also allege that they "do not sell so-called 'bath salts,' powders, or illegitimate synthetic substances of any kind."

All of the defendants passed ordinances, each of which essentially banned according to the complaint "the manufacture, possession, and use of undefined substances enlarging the scope of what constitutes a 'Controlled Substance' by declaring unlawful anything that emulates the effects of a Controlled Substance regardless of whether the substance is not intended for human consumption." The amended complaint further asserts that the Kingsport and Bristol ordinances allege that "'synthetic marijuana,' 'bath salts,' and other synthetic substances are 'being manufactured in a way to avoid the application of existing state and federal laws.'" The amended complaint also alleges that the "ordinances declare that it is unlawful for any person to use, possess, or sell so-called 'synthetic drugs,' that are not 'governed' by Tennessee State Law, pursuant to sections 39-17-438 and 39-17-452 of the Tennessee Code Annotated." Kingsport passed its ordinance after the first reading on November 15, 2011, and the second reading on December 6, 2011. Bristol passed its ordinance after the first reading on December 6, 2011, and the second reading on December

2

20, 2011.[2]

Plaintiffs aver in the amended complaint that their "products do not contain any of the synthetic cannabinoids listed under T.C.A. 39-17-438" and that their "products do not contain any of the five synthetic cannabiminetics the United States Drug Enforcement Administration has listed as a 'controlled substance.'" Plaintiffs additionally aver that they "do not possess, offer for sale or sell any products that are illegal under Federal or State law."

The amended complaint also contains allegations that the Kingsport and Bristol law enforcement authorities targeted plaintiffs' businesses through a "shake down" system of law enforcement and traffic regulation at plaintiffs' stores. Plaintiffs assert that multiple squad cars were positioned in the immediate vicinity of their stores and the authorities "pull[ed] over the majority cars (sic) entering the store's parking lot citing minor and/or fabricated traffic violations to justify probable cause." The amended complaint also asserts that through public statements the defendants alleged the "Plaintiffs' businesses buy, possess, and sell substances made unlawful by the Ordinances, and have threatened to enforce the Ordinances against the Plaintiffs and thereby seize their property and penalize them pursuant to the Ordinances." Plaintiffs allege that as a result of defendants' actions they have been forced to temporarily close their stores causing "further monetary loss and severely interfering with Plaintiffs' business prospects and contractual relationships."

---

[2] Plaintiffs provide no such information for the ordinance passed by Sullivan County. In fact, while a copy of the Bristol and Kingsport ordinances are attached to the amended complaint, a copy of the Sullivan County ordinance is not attached.

In April 2012, the Tennessee Legislature amended Tenn. Code Ann. § 39-17-453, making it an offense to manufacture, deliver, sell, or possess with the intent to sell, deliver, or manufacture an "imitation controlled substance." The statute also defined "imitation controlled substance." Subsequent to the passage of the state law addressing the control of synthetic drugs, all three defendants rescinded the ordinances at issue. Sullivan County rescinded its ordinance on July 18, 2012. The City of Bristol repealed its ordinance on September 4, 2012, and the City of Kingsport repealed its ordinance on June 5, 2012.

II.

*Analysis*

Mootness

In the amended complaint, plaintiffs seeks declaratory relief based upon the alleged unconstitutionality of the ordinances and their preemption by federal and state law. Plaintiffs also seek injunctive relief to prevent the enforcement of the ordinances. Since the ordinances have been repealed, all of these claims are moot.

"Claims become moot when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *Brandywine, Inc. v. City of Richmond, Ky.*, 359 F.3d 830, 836 (6th Cir. 2004) (internal quotation marks and citations omitted). "The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case." *Ky. Right to Life, Inc. v. Terry*, 108

4

F.3d 637, 644 (6th Cir. 1997) (citation omitted). At the time a federal court decides a case, there must be a live case or controversy, *Burke v. Barnes*, 479 U.S. 361, 363 (1987); otherwise, the mootness doctrine applies. *Ky. Right to Life*, 108 F.3d at 644. A federal court "can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect." *Brandywine*, 359 F.3d at 836 (plaintiffs' claims for declaratory and injunctive relief mooted when city repealed allegedly unconstitutional provision of ordinance); *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974 (6th Cir. 2012) (plaintiff's claims for injunctive and declaratory relief mooted by amended code sections to ordinance).

Further, the voluntary cessation exception explained in *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982) does not apply in this case as there is no threat that the offending legislation will be re-enacted. "[T]he voluntary cessation exception to mootness 'properly applies only when a recalcitrant legislature clearly intends to reenact the challenged regulation.'" *N. Ohio Chapter of Associated Builders & Contractors, Inc. v. MetroHealth Sys.*, 280 F. App'x 464, 466 (6th Cir. 2008) (citing *Terry*, 108 F.3d at 645). The State of Tennessee has passed legislation addressing the synthetic drug issue, and there is nothing in the record to indicate that the defendants intend to reenact the prior ordinances. Accordingly, all of plaintiffs' claims herein for declaratory and injunctive relief are moot.

However, plaintiffs also assert two claims for damages in their prayer for relief. In the amended complaint, plaintiffs ask for an award of damages for "Defendants'

5

unconstitutional and wrongful takings in an amount to be determined by a jury" and an award of damages for "Defendants' interference with Plaintiffs' lawful contractual relationships in an amount to be determined by a jury." Thus, plaintiffs are making claims for monetary damages, and these claims preserve the live case or controversy. *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 387 (6th Cir. 2005) (even if claims for declaratory and injunction relief moot, existence of damages claim ensures dispute is live and one over which Article III gives continuing authority); *see also Brandywine*, 359 F.3d at 836; *Donkers v. Simon*, 173 F. App'x 451, 454 (6th Cir. 2006) (if plaintiff were seeking nominal or monetary damages, case not mooted merely because claim for declaratory or injunctive relief is moot).

Therefore, the court will consider defendants' motions to dismiss only as they relate to the asserted claims for damages. All of plaintiffs' claims for declaratory and injunctive relief will be dismissed, and defendants' motions to dismiss will be granted to the extent they have sought dismissal of these claims on the basis of mootness.

### City of Bristol's and City of Kingsport's Motion to Dismiss

Bristol and Kingsport first argue that plaintiffs' claims for damages are moot because the ordinances were never enforced against them and will they will never be enforced in the future.[3] They cite no authority for the contention that not enforcing the

---

[3] No arguments or contentions by plaintiff are provided since they did not respond to the additional briefing ordered by the court.

ordinances renders the damages claims moot. The argument that the ordinances will never be enforced also does not render the claims moot as plaintiffs' allegations concerning defendants' conduct prior to repeal of the ordinances is relevant to the claim for damages. As noted above, repeal of the ordinances did not moot the claims for damages.

Bristol and Kingsport next argue that plaintiffs do not have standing to bring the damages claims. "Standing is a 'bedrock requirement' of federal jurisdiction." *Langfan v. Goodyear Tire & Rubber Co.*, 529 F. App'x 460, 462 (6th Cir. 2013) (citation omitted). Standing is also a threshold determination in every federal case, and the party seeking to be in federal court has the burden of establishing standing. *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012) (citations omitted).

There are three elements that must be established in order to demonstrate constitutional standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bench Billboard*, 675 F.3d at 983 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 641 (6th Cir. 2013) (Daughtrey, J., dissenting) ("To satisfy Article III's standing requirements, a plaintiff must plead a concrete, particularized, and imminent injury in fact caused by the

7

defendant that a favorable judicial outcome would likely remedy. Thus, at a minimum in order to establish constitutional standing to bring an action in federal court, a plaintiff must demonstrate injury in fact, causation, and redressability.") (internal quotation marks and citations omitted). A plaintiff must also meet three prudential requirements for standing that: "a plaintiff must assert his own legal rights and interests," the claim "must be more than a generalized grievance," and "in statutory cases, the plaintiff's claim must fall within the 'zone of interests' regulated by the statute in question." *City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)). In addition, "[s]tanding to bring suit must be determined at the time the complaint is filed." *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 206 (6th Cir. 2011).

Bristol and Kingsport argue that plaintiffs cannot demonstrate an injury in fact. They contend that plaintiffs allege they do not carry the products that are within the intended regulation of the ordinances, so they conclude that plaintiffs cannot show an injury in fact by the existence of an ordinance that regulates products they do not sell. This argument ignores the allegations in the complaint that the legal authorities for Bristol and Kingsport targeted plaintiffs' businesses by positioning multiple patrol cars in the immediate proximity of their stores and stopped their customers on minor or fabricated traffic violations; by targeting customers leaving their stores after having purchased legal merchandise; and by making statements in the media about the nature of plaintiffs' businesses, all of which allegedly resulted in monetary loss and the temporary closing of their stores. The fact that

8

the plaintiffs contend they do not sell the allegedly offending products does not address the alleged conduct of defendants toward the plaintiffs and their businesses based upon defendants' belief that plaintiffs were selling the substances covered by the ordinances.

Bristol and Kingsport also argue that plaintiffs cannot show an injury in fact because they only alleged vague threats of enforcement and their alleged injuries are conjectural at best. With regard to "the injury-in-fact requirement, the injury alleged may be a past injury or the threat of a future injury that is 'real and immediate, not conjectural or hypothetical.'" *Henry v. City of Cincinnati*, No. C-1-03-509, 2005 WL 1198814, at *4 (S.D. Ohio Apr. 28, 2005) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). A review of plaintiffs' specific allegations that go to their damages claims, viewed at the time the case was filed, reveals that they alleged facts sufficient to assert an injury in fact at the pleading stage. In the context of demonstrating standing, "[g]eneral factual allegations of injury may suffice to demonstrate standing, 'for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *White v. United States,* 601 F.3d 545, 551 (6th Cir. 2010) (quoting *Lujan*, 504 U.S. at 561). "[T]he complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 552 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage of the proceedings, plaintiffs have sufficiently alleged an injury in fact as to Bristol and Kingsport to survive a motion to dismiss.

9

Bristol and Kingsport also contend that plaintiffs' allegations fail to establish standing because there is no identifiable connection between the ordinances at issue and the specific plaintiffs. These defendants again fall back on the argument that plaintiffs admit they do not sell the substances the ordinances regulated. This is a red herring. Defendants, based on the alleged conduct in the complaint, considered plaintiffs to be selling the substances regulated by the ordinances. Thus, at the complaint stage it is not dispositive that plaintiffs claim not to be subject to the ordinances. Defendants also argue that plaintiffs have no standing to bring defacto claims for the "vague violation of their customers' constitutional rights." Plaintiffs do not appear to be bringing claims on behalf of their customers. Plaintiffs are alleging that defendants' conduct toward their customers kept them away from their stores, which resulted in monetary losses, including the temporary closing of their stores. In the court's opinion, there is a traceable connection between plaintiffs' alleged damages and the alleged conduct of these defendants.

Last, Bristol and Kingsport argue that plaintiffs have not met the prudential requirements. The court disagrees. Plaintiffs are asserting their own legal rights; their allegations are more than generalized grievances; and the complaint falls within the zone of interest regulated by the ordinances at issue.

Accordingly, the court concludes that plaintiffs have standing to bring the damages claims asserted in the complaint, and the motion to dismiss filed by Bristol and Kingsport will be denied to that extent. However, the court's ruling is based upon the fact

10

that this case is in the pleading stage. At the summary judgment stage and beyond, plaintiffs can no longer rely on their allegations and assertions in the amended complaint. *See Nolen v. FedEx TechConnect, Inc.*, - - - F. Supp.2d - - - -, No. 11-cv-02832-JPM-cgc, 2013 WL 4774771, at *19 (W.D. Tenn. Sept. 4, 2013) ("To defeat a motion for summary judgment a plaintiff can no longer rely on the conclusory allegations of its complaint. In order to defend against summary judgment, the nonmoving party must present significant probative evidence in support of its complaint to defeat the motion for summary judgment.") (internal quotation marks and citations omitted). Plaintiffs will be required to present evidence that documents and supports their claims for the damages they seek in the amended complaint against Bristol and Kingsport.

Sullivan County's Motion to Dismiss

Sullivan County argues that plaintiffs have no standing because they do not allege in the amended complaint that Sullivan County enforced or attempted to enforce its ordinance against them.[4] In its motions, Sullivan County presents the required elements for establishing standing, but it does not argue their application to the facts of this case. Nevertheless, the court believes that plaintiffs have not alleged facts sufficient to show an injury in fact related to their claims for damages that can be linked to Sullivan County and its ordinance.

---

[4] No arguments or contentions by plaintiffs are provided as they did not respond to Sullivan County's motions to dismiss the amended complaint.

None of the allegations in the amended complaint regarding the targeting of plaintiffs' businesses and the customers patronizing their businesses reference Sullivan County. The specific allegations refer only to the legal authorities from Bristol and Kingsport. The only reference to the Sullivan County ordinance is in a footnote in which plaintiffs state that "Sullivan County, by amending its bylaws, adopted the Kingsport Ordinance verbatim shortly following its enactment in Kingsport." No copy of the ordinance is attached to the amended complaint, while copies of the Kingsport and Bristol ordinances are attached. However, Sullivan County placed in the record a copy of the ordinance, which provides, "This ordinance shall apply in Sullivan County *outside* the municipal boundaries of Kingsport, Bristol and Bluff City." [Doc. 12] (emphasis added). The plaintiffs assert in the amended complaint that their "businesses are located within the Cities of Kingsport and Bristol, both of which are within Sullivan County." Thus, it is apparent from the language of Sullivan County's ordinance and plaintiffs' admissions concerning the locations of their businesses that the ordinance would not apply to plaintiffs.

Accordingly, the court concludes that plaintiffs cannot show an injury in fact related to their alleged damages based upon any conduct by Sullivan County. Further, for the same reasons, it is apparent that plaintiffs cannot show any traceable connection between their alleged damages and any conduct by Sullivan County. Therefore, plaintiffs have no standing to bring the alleged damages claims against Sullivan County.

12

Case 2:12-cv-00013-RLJ   Document 35   Filed 12/19/13   Page 12 of 15   PageID #: 337

Sullivan County also argues that the damages claims should be dismissed for failure to state a claim. The court's finding that plaintiffs do not have standing to bring their claims against Sullivan County means that the court does not have jurisdiction over the action against Sullivan County. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir 2002) ("In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue."); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) ("If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction."). Nevertheless, even if plaintiffs had standing and the court had subject matter jurisdiction, plaintiffs' claims would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations against Sullivan County in the amended complaint are cursory and nonspecific. Sullivan County is mentioned several times as the county in which Bristol and Kingsport are located; it is identified as "a county existing under the authority of the Constitution and Statues of the State of Tennessee"; and it is referenced in a footnote stating that Sullivan County adopted the ordinance enacted by Kingsport. None of the specific allegations regarding the alleged targeting of plaintiffs' businesses mention any action attributable to Sullivan County. Further, the Sullivan County ordinance operates outside the boundaries of Kingsport and Bristol, the cities where plaintiffs' businesses are located. The allegations in the amended complaint referencing Sullivan County do not show that plaintiffs would be entitled to any relief from that defendant. Thus, even if the court had jurisdiction, plaintiffs' alleged claims for damages against Sullivan County would be subject to dismissal for failure to state a claim for relief.

III.

*Conclusion*

Accordingly, for the reasons discussed herein, the motion to dismiss and amended motion to dismiss filed by defendant Sullivan County will be granted in all respects, and that defendant will be dismissed. The motion to dismiss filed by City of Bristol and City

of Kingsport will be granted to the extent it seeks dismissal of plaintiffs' claims for declaratory and injunctive relief on the basis of mootness. The motion will be denied with regard to plaintiffs' claims for damages. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

15